FILE
JUN 2 5 2004
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIUS EARL PATTERSON,

    Defendant/Petitioner,

vs.

UNITED STATES OF AMERICA,

    Plaintiff/Respondent.
_____/

CIVIL ACTION NO. 03-CV-74948-DT
CRIMINAL CASE NO. 96-CR-80160-DT-01

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE MONA K. MAJZOUB

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Petitioner's Motion To Vacate Sentence Pursuant to 28 U.S.C. § 2255 be DENIED as barred by the applicable statute of limitations. This Court further recommends that Petitioner's Motion To Take Judicial Notice and For Leave To Supplement Petitioner's Response In Opposition To Government's Response be DENIED in part and GRANTED in part.[1]

\*\*\*\*

On August 8, 1996, Petitioner pled guilty to a one count indictment charging him with felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On January 13, 1997, he was sentenced to a term of 218 months imprisonment. Petitioner's conviction was affirmed on appeal.

---

[1] To the extent that Petitioner's Motion asks this Court to take judicial notice of factual disputes, the Court recommends that it be DENIED. Fed. R. Evid. 201(b) provides, "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Seemingly, Petitioner asks this Court to take judicial notice of a factual question pertaining to his innocence. Accordingly, Petitioner's Motion To Take Judicial Notice must be denied. To the extent that Petitioner's Motion seeks leave to supplement his response in opposition to the government's response, Petitioner's motion should be granted.

On December 8, 2003, Petitioner filed the instant Motion To Vacate Sentence Pursuant to 28 U.S.C. § 2255 based on the following grounds:

> I. THE PRESENT PETITIONER IS ACTUALLY INNOCEN[T] OF ANY VIOLATION OF BEING A FELON IN POSSESSION OF A FIREARM PURSUANT TO 922(g)
>
> II. THE PRESENT PETITIONER IS ACTUALLY INNOCEN[T] OF THE FOUR POINT ENHANCEMENT WHICH THE SENTENCING COURT IMPOSED UPON HIM
>
> III. THE PETITIONER'S CAREER CRIMINAL DESIGNATION IS A MANIFEST INJUSTICE BECAUSE HE IS ACTUALLY INNOCENT OF THE CONDUCT CONSIDERED TO JUSTIFY SAID DESIGNATION
>
> [IV] THE PRESENT PETITIONER IS ACTUALLY INNOCENT OF THE ILLEGITIMATE ADDITIONS OF CRIMINAL HISTORY POINTS USED TO ENHANCE HIS SENTENCE
>
> [V] [PETITIONER] AVERS THAT ITEM # 35 AND ITEM # 37 WAS INCORRECTLY SEPARATED BY THE SENTENCING COURT, AND HE WAS GIVEN SEPARATE POINTS DESPITE THE FACT THAT THIS WAS THE SAME CASE. THIS IS ONLY ONE COURSE OF CONDUCT, ONE ACT, ONE CRIME AND CANNOT BE CATEGORIZED AS WARRANTING TWO SEPARATE ADDITIONS TO [PETITIONER'S] CRIMINAL HISTORY CALCULATION.

(Petitioner's Motion to Vacate). On January 30, 2004, the United States filed a Response and Brief Opposing Motion For Relief Pursuant To 28 U.S.C. § 2255 in which it contends that Petitioner's claims are time barred, procedurally defaulted, and without merit. On February 17, 2004, Petitioner filed a Response and Brief in Opposition to the Government's Opposing Motion and Request for Denial. On March 8, 2004, Petitioner filed a Motion To Take Judicial Notice and Obtain Leave To Supplement Petitioner's Response In Opposition To Government's

Response With Newly Discovered Facts Establishing Patterson's Actual Innocence of 4-Point Enhancement. The case has been referred to the undersigned for all pretrial proceedings.

## JURISDICTION

As a preliminary matter, Petitioner vaguely asserts that the trial court was without jurisdiction to conduct his criminal trial because the indictment was defective. In *Ex parte Bain*, 121 U.S. 1 (1887), the Supreme Court held that a defendant convicted on a defective indictment was entitled to habeas relief because the trial court was without proper jurisdiction to conduct the proceedings. *Ex parte Bain* was expressly overruled by *United States v. Cotton*, 535 U.S. 625 (2002) where the Supreme Court stated that *Bain* was

> a product of an era in which this Court's authority to review criminal convictions was greatly circumscribed. At the time it was decided, a defendant could not obtain direct review of his criminal conviction in the Supreme Court. (internal citations omitted). The Court's authority to issue a writ of habeas corpus was limited to cases in which the convicting 'court had no jurisdiction to render the judgment which it gave.' (quoting *Bain*, 121 U.S. at 3). In 1887, therefore, this Court could examine constitutional errors in a criminal trial only on a writ of habeas corpus, and only then if it deemed the error 'jurisdictional.' The Court's desire to correct obvious constitutional violations led to a 'somewhat expansive' notion of 'jurisdiction,' (internal citations omitted) . . . .
>
> *Bain's* elastic concept of jurisdiction is not what the term 'jurisdiction' means today, *i.e.*, the courts statutory or constitutional *power* to adjudicate the case.

*Cotton*, 535 U.S. at 629-30. The Court went on to emphasize that a defective indictment does not affect the jurisdiction of the trial court so as to require the court to vacate the sentence. Accordingly, Petitioner's contention that the trial court was without jurisdiction based on an allegedly defective indictment is without merit. This Court's jurisdiction is proper because a

motion brought under 28 U.S.C. § 2255 is in essence a continuation of Petitioner's criminal trial and therefore this Court has jurisdiction to consider Petitioner's § 2255 motion. *See generally United States v. Frady*, 456 U.S. 152, 182 (1981)(Brennan, J., dissenting); *United States v. Means*, 133 F.3d 444, 448-49 (6th Cir. 1998).

## STANDARD OF REVIEW

Generally, an individual wishing to challenge his conviction must do so within one year of the date that his conviction became final. 28 U.S.C. § 2255. A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one-year statute of limitations. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). In this case, Petitioner concedes that his instant Motion To Vacate Pursuant to 28 U.S.C. § 2255 is untimely (Petitioner's conviction became final in 1996 whereas the instant motion was not filed until December 2003). Petitioner argues, however, that the 'actual innocence' exception allows for the tolling of the one-year limitations period such that this Court should consider the merits of his habeas claims.

Although the habeas statute does not provide for an 'actual innocence' exception to § 2244(d)(1), courts have concluded that such an exception, if applicable, may toll the running of the one-year statute of limitations for habeas relief. *Holloway v. Jones*, 166 F. Supp.2d 1185, 1190 (E.D. Mich. 2001). To establish actual innocence, a petitioner must make a colorable showing of factual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998)(discussing actual innocence as a ground for excusing procedural default); *Schlup v. Delo*, 513 U.S. 298, 327-28 (habeas petitioner may demonstrate actual innocence if, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him"); *United States v. Richards*, 5 F.3d 1369,

1371 (10th Cir. 1993). The Sixth Circuit has suggested in dicta, however, that if a prisoner purposefully or by inadvertence let the time run under which he could have filed his habeas petition, he cannot file a petition beyond the statutory time, even if he claims actual innocence. *Workman v. Bell*, 227 F.3d 331, 342 (6th Cir. 2000); *see also Brown v. McKee*, 232 F. Supp.2d 761, 768-69 (E.D. Mich. 2002)(J. Rosen)(rejecting a habeas petitioner's actual innocence argument to support the tolling of the limitations period where the petitioner waited almost six years after the conclusion of his direct appeal in the state court); *McLaughlin v. Moore*, 152 F. Supp.2d 123, 136 (D. N.H. 2001)(holding that the petitioner was not entitled to toll the one year limitations period under an actual innocence exception when he waited more than three years after the AEDPA's grace period had expired to present his federal claims). Similarly in this case, Petitioner waited seven years before filing his § 2255 motion and asks this Court to apply an 'actual innocence' exception. This Court concludes that Petitioner is not entitled to equitable tolling of the one-year limitations period because he has made no factual showing of his innocence.

In this case, Petitioner does not deny that he committed the crime for which he was charged under 18 U.S.C. § 922(g). Instead, he argues that the indictment failed to contain a companion charge under the Hobbs Acts and thus the indictment did not contain all the necessary elements upon which to convict him. Therefore, Petitioner contends, he is actually innocent of a crime. Specifically, Petitioner asserts:

> [Petitioner] was convicted and sentenced for a substantive violation of being a felon in possession of a firearm while in or affecting commerce pursuant to 18 U.S.C. § 922(g) . . . a statute that specifically makes it a Federal crime for a convicted felon to be found in possession of a firearm while in or affecting commerce, therefore, it is impossible to violate the felon in possession of a

>firearm statute without violating the Hobbs Act under 18 U.S.C. § 1951.
>
>Thereby, and through the foregoing, it is an uncontroverted fact that the Hobbs Act is a critical element of 18 U.S.C. § 922(g), and further, the Hobbs Act under 18 U.S.C. § 1951 is distinguishes [sic] between statutes requiring a particularized showing of federal jurisdiction.

(Petitioner's Motion, pg. 7-8). Petitioner's argument is unavailing because a violation of 18 U.S.C. § 922(g) (felon in possession of a firearm) and 18 U.S.C. § 1951[2] (Hobbs Act) are two entirely separate crimes. See *United States v. Zakarian*, 1998 U.S. App. LEXIS 18331 (9th Cir. 1998). An indictment under 18 U.S.C. § 922(g) does not necessary have to include an indictment under 18 U.S.C. § 1951. Thus, Petitioner's argument that his indictment was defective for failing to contain a charge under the Hobbs Act is wholly without merit.

Petitioner was charged with and pled guilty to one count of felon in possession of a firearm contrary to 18 U.S.C. § 922(g). Petitioner does not present evidence that he was actually innocent of violating 18 U.S.C. § 922(g). To the contrary, he pled guilty to the charge of felon in possession. The purpose of the actual innocence exception is to rectify grave injustices of an individual who, in fact, did not commit an offense for which he was convicted. Such is not the case here where Petitioner erroneously argues that his indictment should have included the companion charge under the Hobbs Act. Petitioner could have raised such an argument on direct appeal but failed to do so. Nonetheless, his argument falls far short of demonstrating his actual

---

[2] 18 U.S.C. § 1951 provides: "Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."

innocence of the charged offense. This Court concludes that Petitioner is not entitled to equitable tolling of the one-year limitations period based upon these facts.

The remaining question is whether this Court should equitably toll the one-year limitations period as to Petitioner's habeas claims based on his sentence. In *Spence v. Great Meadows Correctional Facility*, 219 F.3d 162 (2d Cir. 2000), the Second Circuit held that the actual innocence exception excusing procedural bars to § 2255 motions applies to both claims of actual innocence of a charged offense and facts giving rise to an increase in sentence. In other words, an enhanced sentence should not stand where the facts giving rise to the enhancement were materially false. However, the *Spence* Court narrowly applied the actual innocence exception where the defendant's sentence was "substantially enhanced based on another act he purportedly committed *after* he pled guilty, *but before* he was sentenced." *Spence*, 219 F.3d at 171 (emphasis added). Petitioner's situation is distinguishable from *Spence* in that the factual basis giving rise to his sentence enhancement occurred simultaneously or before the factual basis for the charged offense. As such, there was no constitutional violation where the Court considered those facts as a basis to enhance Petitioner's sentence.

Even giving Petitioner the benefit of his sentencing claim, the Court should conclude that this argument is without merit for the following reason. Petitioner was charged under 18 U.S.C. § 922(g) for felony possession. He pled guilty to this charge. At sentencing, the government sought a sentence enhancement based on Petitioner's use of the firearm in connection with another felony offense. The other felony offense considered was that Petitioner had discharged the firearm at a woman with whom he had recently quarreled. Petitioner argues that the government should not have been allowed to seek the sentence enhancement because he was never

charged or convicted of the crime of shooting the firearm at the woman. In *United States v. Pluta*, 144 F.3d 968 (6th Cir. 1998), the Sixth Circuit settled Petitioner's concern.

In *Pluta*, the defendant and his friends traveled along an interstate in Tennessee where Pluta pointed a loaded handgun at other motorists. Justifiably so, the other motorists were startled to see an unfriendly Pluta pointing a gun at them. In reaction, the motorists swerved, quickly changed lanes, or broke to a complete stop on the interstate. Pluta, who was apprehended and arrested, was on parole for numerous other state felony convictions including being a felon in possession of a firearm. Pluta was indicted by a grand jury on one count of felony possession in violation of 18 U.S.C. § 922(g)(1). The government also sought a sentence enhancement pursuant to U.S.S.G. § 4B1.4(b)(3)(A) for Pluta's "dry-firing" of a handgun at other motorists. Pluta argued that the district court should not have considered his dry-firing as a basis for a sentence enhancement because he was never charged or convicted of an offense related to the dry-firing. The court rejected Pluta's argument and held that:

> a defendant need not be charged with or convicted of an offense for § 4B1.4(b)(3)(A) to apply, so long as the defendant in fact committed the offense. 'The definition [of 'crime of violence' in § 4B1.4] is analogous in this respect to other sections of the guidelines that permit enhancement for *uncharged* relevant conduct, as long as the government proves by a preponderance of the evidence that the conduct occurred.' *United States v. Rutledge*, 33 F.3d 671, 674 (6th Cir. 1994)(emphasis added).

*Pluta*, 144 F.3d at 977.[3]

---

[3] On June 24, 2004, the United States Supreme Court decided in *Blakely v. Washington*, Case No. 02-1632, that any fact that increases a defendant's sentence beyond the statutory maximum must be charged in an indictment and proven beyond a reasonable doubt. *Blakely* casts serious doubt on the preponderance of the evidence standard previously employed in cases like *Pluta*. The question then is whether Petitioner can avail himself of the rule as announced in *Blakely*. Because *Blakely* is in fact an extension of the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and because the Supreme Court has already decided that *Apprendi* is not applied retroactively,

Here, the trial court found that Petitioner discharged his weapon at the woman and thus applied the sentence enhancement accordingly. Until recently, Petitioner never contested the factual finding that he discharged the firearm at the woman. In his most recently filed pleading, Petitioner's Motion To Take Judicial Notice and Obtain Leave To Supplement Petitioner's Response In Opposition To Government's Response With Newly Discovered Facts Establishing Patterson's Actual Innocence of 4-Point Enhancement, Petitioner, for the first time, denies that he discharged a firearm at the woman. With his motion, Petitioner submitted a Report of Technical Examination which, he claims, proves him innocent of firing his weapon at the woman in question. This Court has reviewed the Technical Examination Report and concludes that the Report does not comport with Petitioner's assertion. The Report merely demonstrates that the weapon possessed by Petitioner was indeed a modified rifle (sawed-off shotgun). The Report offers no conclusion or evidence supporting Petitioner's claim that he did not fire the weapon at the woman. Accordingly, this Court places little value on Petitioner's self-serving assertion that he did not fire the weapon at the woman. Assuming, *arguendo*, that Petitioner in fact did not commit this act, he would not have waited seven years to seek redress from this Court to rectify his sentence enhancement based on his theory of actual innocence.

---

Petitioner cannot benefit from the *Blakely* decision. *Blakely*, 542 U.S. ___ (O'Connor, J., dissenting)("And, despite the fact that we hold in *Schriro v. Summerlin*, post, that *Ring* (and *a fortiori Apprendi*) does not apply retroactively on habeas review, all criminal sentences imposed under the federal and state guidelines since *Apprendi* was decided in 2000 arguably remain open to collateral attack. See *Teague v. Lane*, 489 U.S. 288, 301 (1989)(internal quotations omitted); see *United States v. Sanders*, 247 F.3d 139, 146-51 (4th Cir. 2001); *United States v. Moss*, 253 F.3d 993, 997 (8th Cir. 2001); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Jones v. Smith*, 231 F.3d 1227, 1238 (9th Cir. 2000); see also *Snyder v. United States*, 23 Fed. Appx. 212 (6th Cir. 2001). This conclusion is also supported by another recent decision of the Supreme Court in *Schriro v. Summerlin*, Case No. 03-526 (June 24, 2004)(holding that *Ring* [and *Apprendi*] does not apply retroactively to cases already final on direct review). Here, Petitioner's conviction became final well before the *Apprendi* decision was handed down.

In order for a defendant to seek equitable tolling of the statute of limitations, he must act diligently in pursuing his claims. *Brown v. McKee*, 232 F. Supp.2d 761 (E.D. Mich. 2002)("The problem with petitioner's 'actual innocence' claim is that petitioner has made no showing that he acted with due diligence in pursuing his claims . . ."); *see also Workman v. Bell*, 227 F.3d 331, 342 (6th Cir. 2000). Petitioner makes no attempt to justify his untimely motion under § 2255. It is difficult, if not impossible, to believe that Petitioner would have waited seven years before asking this Court to correct his sentence. Because Petitioner's efforts have been dilatory and because Petitioner has failed to offer any credible evidence of his actual innocence of the facts giving rise to his sentence enhancement, this Court concludes that Petitioner is not entitled to equitable tolling of the one-year limitations period based on his sentencing claims.

Having failed to present any evidence that he has been wrongly convicted or sentenced, this Court recommends that Petitioner's Motion To Vacate Pursuant to 28 U.S.C. § 2255 be DENIED as barred by the applicable statute of limitations.

## NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 25, 2004

MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE